The Honorable Vada Sheid State Representative P.O. Box 387 Mountain Home, Arkansas 72653-0387
Dear Representative Sheid:
This is in response to your request for an opinion on the following question:
 Can a county in a special election vote to allocate money to separate entities from existing county sales tax?
It is my understanding that your question refers to whether Baxter County could vote in a special election to allocate existing county sales tax funds, which were levied for general county purposes, to the Mountain Home Technical College.
It is my opinion that the answer to your question is "yes,"[1]
but only to the extent the sales tax dollars are used to fund "capital outlay expenses" of the technical college.
The first two statutes cited in the language above are the subchapters authorizing counties to levy sales and use taxes and to allocate the proceeds for any purposes for which county general funds could be used. See A.C.A. 26-74-214(c) and26-74-313(d)(3).
A technical college is defined as "an institution of higher education" for purposes of this statute, (A.C.A. 6-53-103
(14)), and thus a county would be authorized to use sales tax monies to fund "capital outlay expenses" of a technical college. "Capital outlay expense" is defined as:
 . . . those funds devoted to or required for the acquisition and improvement of land; acquisition, construction, remodeling, alteration, addition, or enlargement of buildings or other structures; and the initial purchase of library holdings, furniture, apparatus, and other equipment for a new or expanded facility as defined by the State Board. Capital outlay expense excludes those expenses used for maintenance and replacement of equipment and furniture.
In response to your question, therefore, it is my opinion that the county, through a special election,[2] could authorize the use of county sales tax dollars only to fund "capital outlay expenses" of the technical college. In my opinion the county is limited to this purpose in the use of sales tax dollars to fund the Mountain Home Technical College.
The statutes do not authorize their use for any other technical college purposes, and in my opinion this fact prohibits the county from passing local legislation to authorize the use of sales tax dollars to fund other technical college expenses. In addition, Amendment 52 to the Arkansas Constitution states that the "General Assembly shall prescribe the method of financing technical institutes. . ." Finally, in my opinion, Amendment 55 to the Arkansas Constitution does not grant the county authority to legislate independently on this matter, because its authority in this regard is limited to "local legislative matters." Amendment 55 1(a). See also Venhaus v. State ex rel. Lofton, 285 Ark. 23, 684 S.W.2d 252
(1985). The funding of a state technical college in my opinion might be construed as not falling within this language.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] You do not indicate in your request how the special election will come about. It should be noted in this regard, however, that the calling of a special election is not authorized if the electors initiate an ordinance to this effect. The question must, in this circumstance, be addressed at the next regular general election. See A.C.A.14-14-917(a). An election on a referendum measure, however, whether referred by the quorum court pursuant to A.C.A.14-14-905(f) or brought about by the voters under Amendment 7 and A.C.A. 14-14-914 — 919, may be held at a special election, if the conditions of A.C.A. 14-14-917(2) and (3) are met. The result of any election held under the initiative or referendum powers (including referral by the quorum court), would, however, be subject to amendment or repeal by a two-thirds vote of the quorum court. See A.C.A. 14-14-918(b). The relevant code section is found in the "Two-Year Postsecondary Education Reorganization Act of 1991." Under this act, the Mountain Home Education Center became the Mountain Home Technical College. See A.C.A. 6-53-301n. Section 6-53-207(e) of this law states that: Revenues derived from any local sales and use tax levied under 26-74-201 et seq., 26-74-301 et seq., 26-75-201 et seq., or 26-75-301 et seq., may be used to finance capital outlay expenses for institutions of higher education.
[2] See again, however, note 1, supra.